In the Matter of JULIUS BLOCK (Also Known as JULES BLOCK), an Attorney, Respondent.

First Department, February 26, 1937.

*Einar Chrystie,* for the petitioner.

*Joseph Schlussel,* for the respondent.

PER CURIAM. The Association of the Bar of the City of New York having charged the respondent with professional misconduct, he has filed an answer admitting the following acts as alleged in the petition:

Leon J. Herman, an attorney for Hattie Staffutti, on June 9, 1933, recovered a judgment against Isadore Levine for the sum of sixty-seven dollars. The respondent represented the defendant Levine in said action. At the time of the entry of judgment Isadore Levine and his wife, Fannie Levine, had a claim for damages for personal injuries against Mrs. Staffutti, which claim was then in process of settlement with the Travelers Insurance Company. Mr. Herman, as attorney for Mrs. Staffutti, filed a notice with the insurance company demanding that the judgment for sixty-seven dollars be paid out of the proceeds of settlement. Thereafter the

respondent, as attorney for the Levines, entered into an agreement with Mr. Herman whereby the latter withdrew his notice of claim, in consideration whereof the respondent agreed to pay him sixty-seven dollars out of the proceeds of settlement when received from the insurance company. Thereafter Mr. Herman ascertained from the insurance company that the settlement had been consummated by the payment of one hundred dollars to the respondent on June 26, 1934. The respondent failed to notify Mr. Herman of such settlement and up to June, 1936, when the case was investigated by the petitioner's grievance committee, no part of the money thus received had been paid over to Mr. Herman or his client.

The respondent urges in mitigation and explanation of the aforesaid that he was in financial distress, as were also his parents, whom he helped to support. Further, that Mr. Levine had agreed to settle the sixty-seven-dollar judgment with Mr. Herman, upon which agreement the respondent had relied. It appears that the respondent has made arrangements satisfactory to Mr. Herman for the payment of the aforesaid sum of sixty-seven dollars and Mr. Herman requests, therefore, that the court be as lenient as possible in this matter.

Attorneys must realize that dishonorable acts will not be excused on a plea of personal need.

The respondent should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

Present — MARTIN, P. J., McAVOY, O'MALLEY, GLENNON and UNTERMYER, JJ.

Respondent suspended for one year.